IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**FILED**
NOV 27 2001
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

GARY LEDBETTER, )
 )
   Plaintiff, )
 )
v. ) CIVIL ACTION NO.: CV-01-PT-1804-M
 )
TYCO INTERNATIONAL, INC., and )
AETNA U.S. LIFE INSURANCE )
COMPANY, et al., )
 )
   Defendants. )

**ENTERED**
NOV 27 2001

## MEMORANDUM OPINION

This cause comes to be heard on plaintiff Gary Ledbetter's Motion for Summary Judgment on Count III - Failure to Provide Plan Documents, filed on October 25, 2001.[1]

### FACTS

Plaintiff Gary Ledbetter ("Ledbetter") was an employee of Tyco Adhesives in Albertville, Alabama. Tyco Adhesives is a wholly owned division of defendant Tyco ("Tyco") International, Inc. Tyco is a participant or beneficiary in a healthcare or other disability or employment plan contemplated under the Employee Retirement Income Security Act of 1974. Defendant, Aetna Life Insurance Company ("Aetna"), is the plan administrator of short-term disability benefits to employees of Tyco pursuant to Contract Number ASC-657291-MD.

On or about April 8, 2000, Ledbetter suffered a ruptured spleen. Ledbetter sought short-term disability benefits from Tyco and Aetna. Tyco and Aetna denied these benefits based on their determination that Ledbetter was not an employee of Tyco at the time of his injury and, thus, was not eligible for the benefits sought in the complaint.

---

[1] For purposes of this motion, plaintiff has acknowledged that he only seeks summary judgment as to Count III against defendant Tyco International, Inc.

19

On June 28, 2001, Ledbetter filed a civil complaint against Tyco and Aetna U.S. Healthcare in the Circuit Court of Etowah County, Alabama.[2] The civil complaint contained four counts: Count I - ERISA - Benefits & Equitable Relief; Count II - Bad Faith Denial of Benefits; Count III - Failure to Provide Plan Documents; and Count IV - Wrongful Discharge/Breach of Fiduciary Duty.[3]

On July 20, 2001, Tyco filed a notice of removal in this court pursuant to 28 U.S.C. §§ 1441 and 1446. Tyco asserts that this court has original jurisdiction of Ledbetter's ERISA claims pursuant to 28 U.S.C. § 1332. By joinder filed in this court on July 31, 2001, Aetna joined and consented to the removal of this action.

## ARGUMENT

Ledbetter argues that he is entitled to summary judgment as to Count III because Tyco has failed to produce plan documents as required by 29 U.S.C. § 1132(c). Ledbetter seeks statutory damages under 29 U.S.C. § 1132(c) which provides:

> (1) Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within thirty (30) days after such request may in the Court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the Court may in its discretion order such other relief as it deems proper.

According to Ledbetter, his counsel requested plan documents on Ledbetter's short term

---

[2] In the complaint, defendant Aetna Life Insurance Company was improperly described as Aetna U.S. Healthcare.

[3] On September 26, 2001, Ledbetter filed an amended complaint dismissing Count II - Bad Faith Denial of Benefits.

2

disability plan on May 24, 2000.[4] Ledbetter also states that his counsel requested a copy of the benefit plan from Tyco's counsel on December 14, 2000. To date, Ledbetter asserts, Tyco has failed to produce any document designated as a plan document.

In response, Tyco asserts that its counsel responded to the letter dated December 14, 2000, by a letter dated January 22, 2001. In this letter, counsel for Tyco informed counsel for Ledbetter that there was not an application procedure through Tyco and that employees were asked to call a toll free number to explain their situation to an Aetna representative.[5] Tyco's counsel did provide an information sheet about the short-term disability program with the letter dated January 22, 2001. Tyco has also responded in its answers to Ledbetter's discovery requests that it does not possess a copy of the requested documents. Additionally, Tyco notes that it has provided Ledbetter's counsel with the summary plan description for the long-term disability program entitled "For Your Benefit." Tyco states that is has diligently searched its records for a document designated as the "Summary Plan Description" for the short-term disability benefits program and has been unable to located any such document.[6] In conclusion, Tyco argues that it has provided Ledbetter with sufficient information about Aetna to allow him to obtain the information necessary to apply for short-term benefits.[7]

In reply, Ledbetter asserts that the failure to have any plan document is not a defense.

---

[4] Ledbetter's counsel requested said document by letter addressed to Tyco Adhesives, Attention: Donna Gray, Human Resources Administrative Assistant.

[5] According to Tyco, the Aetna representative determines the employee's eligibility for benefits by talking to various individuals, including appropriate physicians.

[6] Tyco claims that there apparently has been no such document created for the short-term disability benefits program.

[7] In support of this assertion, Tyco notes that Ledbetter did in fact apply for short-term disability benefits and was denied because he was not an employee at the time of his disability.

3

According to Ledbetter, the employer has an obligation to have a plan document in order to have an ERISA plan. Furthermore, Ledbetter argues that Tyco's evidentiary submission in response to the motion for summary judgment demonstrates that a plan document exists. Ledbetter notes that the administrative services contract entered into between Tyco and Aetna, attached as Exhibit C, describes a disability benefits "Plan":

> Whereas, the Contractholder has a Salary Continuation program providing benefits in the event of disability for up to the number of weeks specified by the Contractholder, and has adopted an Managed Disability Benefits plan (described in Appendix I), for certain of its employees, hereinafter designated as the "Plan", under which Plan the Contractholder retains all liabilities . . . .
>
> . . . .
>
> Section 1. Definitions
>
> In this Contract:
>
> (A) "Plan" means only the portions of the Contractholder's Salary Continuation program and Managed Disability Benefits plan described in Appendix I.

Turning to Appendix I, Ledbetter notes that it describes a "Booklet" which consists of "The Employee Booklet Base document ('Booklet Base') which describes benefits paid from the Contractholder's funds." According to this language, Ledbetter concludes that a booklet exists which describes the short-term disability benefits.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed during the pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Id.* The non-moving party then bears the burden of showing that there are specific facts demonstrating that there is a genuine issue of fact for trial. *Id.* at 324. "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). The trial court must resolve all reasonable doubts in favor of the non-moving party, but need not resolve all doubts in a similar fashion. *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

## CONCLUSIONS OF THE COURT

Neither party has cited any cases. The statute provides that such awards are discretionary with the court. The court concludes that, in order to apply said discretion, it will have to hear detailed testimony and explanations. The motion will be denied.

This 27th day of November 2001.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE